(97 App. Div. 200.)

SPANGENBERG v. SCHNEIDER.

(Supreme Court, Appellate Division, Second Department. September 29, 1904.)

1. REALTY—RECOVERY OF POSSESSION—RENTS AND PROFITS—ACCOUNTING.

Where, in a suit to procure a reconveyance of an interest in certain land conveyed by plaintiff as security, the only finding as to defendant's possession recited that since December 27, 1900, defendant had been in the actual possession of the premises, and had collected, and still collects and receives, the rents and profits thereof, it would be presumed on appeal, in the absence of evidence, that defendant's occupancy began on December 27th; and hence it was not error for the court to limit defendant's recovery for improvements to those made subsequent to such date.

Appeal from Special Term, Kings County.

Action by Maria Spangenberg against Louise Schneider. From an interlocutory judgment establishing the title of plaintiff to an interest in certain real property, and directing an accounting, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

William L. Mathot (Adolph Bloch, on the brief), for appellant.
Isaac N. Miller, for respondent.

WILLARD BARTLETT, J. This is a suit to procure the reconveyance of land conveyed by the plaintiff to the defendant's grantor and devisor, to secure him as a surety upon a guardianship bond. The trial court has decreed a reconveyance of an undivided half interest in the property sought to be recovered. Of this the defendant does not complain. An accounting has been directed of the rents and profits received by the defendant while in occupation of the property, upon which accounting the defendant is to be credited with such amounts as she proves to have been expended by her for the improvement of the premises. The finding that she is entitled to such credit is evidently based upon the doctrine of Thomas v. Evans, 105 N. Y. 601, 12 N. E. 571, 59 Am. Rep. 519, and like cases, to the effect that a true owner, seeking the aid of equity to establish his title to real estate, must reimburse a bona fide claimant for improvements made by him. The defendant insists upon this appeal, however, that her right to

recover for such improvements should not be limited, as it is by the findings and judgment, to a period subsequent to December 27, 1900, as she acquired title to the one-half of the property which she has been allowed to retain at an earlier date. But there is no finding that she was previously in possession of the premises. The only finding on the subject is that since the 27th day of December, 1900, the defendant has been "in the actual possession, control, and occupation of the said premises, and has collected and received, and still collects and receives, the rents, issues, and profits thereof." As I understand the Thomas Case and the other decisions to the same effect, the right to reimbursement which they assert can be invoked only in favor of parties in actual possession and control of the premises in dispute, for beneficial expenditures made during the time of such possession and control. The evidence taken on the trial is not before us, as the case comes up solely on the judgment roll and exceptions to the findings; and as the only finding relative to the matter makes the defendant's occupancy of the premises begin on December 27, 1900, I do not see how we can interfere with the judgment, which restricts her right of reimbursement to expenditures made subsequent to that date.

I therefore advise an affirmance.

Interlocutory judgment affirmed, with costs. All concur.